ESTATE OF JAKE C. CLEVELAND, DECEASED, JAKE C. CLEVELAND, JR., ADMINISTRATOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Estate of Cleveland v. Commissioner
Docket Nos. 9499-74, 3879-75.
United States Tax Court
T.C. Memo 1976-305; 1976 Tax Ct. Memo LEXIS 102; 35 T.C.M. (CCH) 1375; T.C.M. (RIA) 760305; September 27, 1976, Filed Oscar Nipper, for the petitioner. Johnny B. Mostiler, for the respondent. HALL HALL, Judge: Respondent determined the following deficiencies in petitioner's income taxes, plus additions to tax under section 6653(a), [1] for the years in issue: Addition to Tax Pursuant Year
Deficiency
to section 6653(a)
1972
$341.00
$17.05
1973
418.00
20.90
The issues for decision are: (1) Whether decedent was entitled to a deduction for personal exemptions for his son and mother; (2) whether decedent was entitled to use the head of household rates in computing his tax; and (3) whether petitioner is liable *104 for additions to tax under section 6653(a) for underpayment of tax arising from negligence or intentional disregard of rules and regulations. Jake C. Cleveland, Sr., ("decedent") timely filed individual income tax returns for 1972 and 1973. At the time he filed his petition for 1972 he resided in Houston, Texas. On March 2, 1975, he died. On April 28, 1975, decedent's son, Jake C. Cleveland, Jr., was appointed administrator of decedent's estate. As administrator he filed a petition on behalf of decedent for 1973. Jake C. Cleveland, Jr. was substituted as a party to the action relating to 1972, and the two cases were consolidated for purposes of trial, briefing and opinion. On his 1972 and 1973 returns decedent claimed dependency exemptions for his son and mother. Decedent also used the head of household rates in computing his income tax liability for both years. Respondent disallowed the dependency exemptions and recomputed decedent's tax liabilities using the individual taxpayer rates. Respondent also determined additions to tax for decedent's negligence or intentional disregard of the rules and regulations. The first issue is whether decedent was entitled to deductions *105 for personal exemptions in 1972 and 1973 for his son and mother. In order to be entitled to the claimed dependency exemption deductions, petitioner must show that decedent furnished over one-half the support for his son and mother during 1972 and 1973. Section 152(a)(1) and (a)(4). Since petitioner offered no proof of the total costs of support or the amounts of decedent's contributions, he has failed to prove that decedent furnished more than one-half of the support for either his son or mother. Consequently, we hold that the decedent was not entitled to a deduction for personal exemptions for his son and mother. The second issue is whether decedent was entitled to compute his tax liability under the section 1(b) rates applicable to heads of households. To use these rates petitioner must show that the decedent's home was his son's principal place of abode during 1972 and 1973 or that decedent was entitled to a dependency exemption deduction for his mother during those years. Sections 2(b)(1)(A)(i) and 2(b)(1)(B). Since petitioner offered no proof on either question, we conclude that decedent did not qualify as a head of household under section 2(b) and was not entitled to *106 use head of household rates. The final issue is whether petitioner is liable for additions to tax under section 6653(a) for negligence or intentional disregard of the rules and regulations. Since petitioner had the burden of proof. , but failed to offer any evidence on this issue, we hold for respondent. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩